IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MICHAEL LANE BREWER,              )
                                  )
            Petitioner,           )
                                  )
      v.                          )          CV 117-070
                                  )
HOMER BRYSON, Commissioner, Georgia )
Department of Corrections,        )
                                  )
            Respondent.           )
_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

This case is before the Court for initial review pursuant to Rule 4 of the Rules

Governing Section 2254 Cases.  The Court **REPORTS** and **RECOMMENDS** Petitioner's

motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), his petition be **DISMISSED**

without prejudice, and this civil action be **CLOSED**.

I.     **BACKGROUND**

On March 27, 2013, Petitioner was convicted after a jury trial in the Superior Court of

Richmond County on two counts of computer child exploitation and was sentenced to two

consecutive twenty-year terms of imprisonment.  (Doc. no. 1, p. 3.)  Petitioner appealed the

judgment of conviction to the Georgia Court of Appeals, which affirmed on August 6, 2014,

and appealed to the Supreme Court of Georgia, which denied his request for certiorari in

approximately February 2015.  (Id. at 3-4.)

Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Coffee

County in 2015, raising the following two grounds:  (1) Petitioner proved by a preponderance of the evidence he was entitled to acquittal and discharge from custody; and (2) the trial court did not have subject matter jurisdiction of Petitioner and thus its judgment is void.  (Id. at 4.) The state habeas court denied the petition on April 4, 2016.  (Id.)  Review of the Georgia Supreme Court docket reveals Petitioner filed an application for a certificate of probable cause to appeal ("CPC") on April 29, 2016.  Brewer v. Perry, S16H1550 (Ga. Apr. 29, 2016), *available at* http://www.gasupreme.us/docket_search; see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).  As of the date of this Court's review of the petition, the application for a CPC is still pending with Supreme Court of Georgia.  Id.

Petitioner dated his current federal petition June 8, 2017, raising two grounds: (1) the trial court lacked subject matter jurisdiction; and (2) double jeopardy.  (Doc. no. 1, p. 6.)

## II.    DISCUSSION

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court must dismiss a petition after initial review if it plainly appears from the petition and any attached exhibits that Petitioner is not entitled to relief.  Here, Petitioner is not entitled to relief because he has failed to exhaust his state remedies.

A.      **The Exhaustion Requirement**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat.

1214, and in accordance with the traditional exhaustion requirement, an application for a writ

of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the

remedies available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the

State . . . if he has the right under the law of the State to raise, by *any* available procedure, the

question presented."  Id. § 2254(c) (emphasis added).   A state inmate is deemed to have

exhausted his state judicial remedies when he has given the state courts, or they have otherwise

had, a fair opportunity to address the state inmate's federal claims.  Castille v. Peoples, 489

U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an

opportunity to act on his claims before he presents those claims to a federal court in a habeas

petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional

claim in federal court unless he first properly raised the issue in the state courts."  Henderson v.

Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal

force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54

(11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).

"Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware

that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of

Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277. As explained in detail below, Petitioner has not presented any exhausted claims in the present petition. Therefore, the stay and abeyance procedure is inapplicable.

**B.    The Petition Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies.**

Here, Petitioner's application for a CPC was pending before the Supreme Court of Georgia at the time he filed his federal petition. Generally, as a matter of comity, the state

courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment.  Picard v. Connor, 404 U.S. 270, 275 (1971).  However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim."  St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[1]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."  Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion).  However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011).  Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding."  Id.

However, there is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement.  Petitioner filed his pending application for a CPC in April 2016, and he filed this federal petition just over one year later. Given this reasonably short passage of time, the Court finds nothing in the record justifying

---

[1]Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.  661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

deviation from the exhaustion requirement. In sum, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added); see also Wright v. Oubre, 768 F.Supp.2d 1277, 1283 (N.D. Ga. 2011) (recognizing state remedies not exhausted when application for CPC pending before Supreme Court of Georgia).

Because Petitioner's claims pending before the Georgia Supreme Court are not properly before this Court, there is no need to address the timeliness of his federal claims. Of course, should Petitioner attempt to return to federal court after exhausting his state court remedies, his petition will again be reviewed under AEDPA's provisions, including the one-year statute of limitations. See 28 U.S.C. § 2244(d).

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), his petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of July, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6