IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MICHAEL LANE BREWER,           )
                               )
        Petitioner,            )
                               )
    v.                         )          CV 117-070
                               )
BENJAMIN WARD,                 )
                               )
        Respondent.            )

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at Calhoun State Prison in Morgan, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254.   The Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I.     BACKGROUND

This case challenges the validity of Petitioner's 2013 conviction at trial in the Superior Court of Richmond County on two counts of committing an act of child exploitation through use of a computer or electronic device, for which the Court sentenced Petitioner to forty years of imprisonment.  Brewer v. State, 762 S.E.2d 622, 623 (Ga. App. 2014).

Lyndsey A. Hix and Penelope A. Donkar represented Petitioner at trial.  (Doc. no. 15-11, p. 250.)  After denial of his motion for new trial, Petitioner, represented by James C. Bonner, Jr. and Michael W. Tarleton, filed a direct appeal.  Brewer, 762 S.E.2d at 623.

Petitioner raised a sole enumeration of error "that his court-appointed defense counsel provided ineffective assistance by filing a general demurrer to the State's original indictment" because it "alert[ed] the prosecution to [the indictment's] problems of proof before jeopardy attached, and induc[ed] it to retreat to charges better tailored to its proof, easier to establish, and carrying greater sentences." Id. at 623. On August 6, 2014, the Georgia Court of Appeals rejected Petitioner's contention and affirmed his convictions. See id. at 625-26.

Petitioner then filed a state habeas corpus petition on February 26, 2015, in Coffee County. (Doc. no. 15-2.) The state petition raised five grounds:

(1)  The Richmond County Grand Jury that rendered the indictment in Petitioner's case was unconstitutionally sworn and impaneled.

(2)  Petitioner's conviction violated double jeopardy because the first indictment against him was dismissed.

(3)  Trial counsel was ineffective for failing to file a motion to quash the second indictment.

(4)  Appellate counsel was ineffective because he:

   a)  Did not raise the issue that trial counsel failed to demand discharge of Petitioner after double jeopardy attached.

   b)  Did not raise the issue that trial counsel failed to file a motion to quash the second indictment.

   c)  Abandoned Petitioner's inappropriate application of statutory law issue.

   d)  Raised only one enumeration of error.

(5)  Appellate counsel was ineffective for failing to challenge Petitioner's recidivist sentence.

2

(Id.)

Petitioner subsequently amended his petition five times, adding five additional

grounds for a total of ten:

(6)     Richmond County Superior Court violated Petitioner's constitutional
        rights by suddenly transferring him to the custody of the Georgia
        Department of Corrections.

(7)     Petitioner's sentence violated equal protection because several other
        child molestation defendants received lesser sentences.

(8)     Appellate counsel was ineffective for failing to raise on appeal trial
        counsel's failure to request a jury charge for the lesser included offense
        of electronically furnishing obscene material to minors.

(9)     Trial and appellate counsel were ineffective for failing to challenge the
        trial court's "non-existent" charge on computer child exploitation.

(10)    Richmond County Superior Court did not have subject matter
        jurisdiction to hold a trial and conviction of Petitioner for computer
        child exploitation.

(Doc. nos. 15-3, 15-4, 15-5, 15-6, 15-7.)

The state habeas court conducted an evidentiary hearing on November 18, 2015.  (See

doc. no. 15-10.)  At the evidentiary hearing, Petitioner expressly waived all grounds in his

original and amended petitions except for Ground Ten—the Superior Court of Richmond

County did not have subject matter jurisdiction over Petitioner's case.  (Id. at 9-11.)  The

state habeas court denied relief in a final order dated April 1, 2016.  (Doc. no. 15-8.)

Petitioner then filed the above-captioned § 2254 petition on June 21, 2017.  (Doc. no.

1.)  Based on the Court's review of the Georgia Supreme Court's docket, the Court entered a

Report and Recommendation ("R&R") recommending Petitioner's case be dismissed without

prejudice for failure to exhaust state remedies because his application for a certificate of probable cause ("CPC") was pending before the Georgia Supreme Court and his motion to proceed IFP be denied as moot.   (See generally doc. no. 3.)   Prompted by the Court's recommendation for dismissal, Petitioner presented evidence that on June 30, 2017, after he filed the present petition, the Georgia Supreme Court denied his application for a CPC and his claims were therefore exhausted.   (See generally doc. nos. 5, 6; see also doc. no. 15-9.) In light of this new information, the Court vacated its R&R and ordered Respondent to answer the petition.   (Doc. no. 7.)

On July 25, 2017, Petitioner filed an amended petition, which superseded and replaced his original petition.   (Doc. no. 8.)   In his amended petition, Petitioner raises the following grounds for relief:   (1) the State of Georgia lacked subject matter jurisdiction as a matter of state law over Petitioner, violating the Fourteenth Amendment; and (2) Petitioner's conviction violated double jeopardy.   (See generally id.; doc. no. 11.)

## II.   STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is wrong; "even clear error will not suffice." White v. Woodall, 572 U.S. -, 134 S. Ct. 1697, 1702 (2014). Rather, the habeas petition must show the state court decision was "objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Woods v. Donald, 575 U.S. -, 135 S. Ct. 1372, 1376 (2015) (a petitioner must show the state court's ruling "was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for fairminded disagreement.").   A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct.   Reed v. Sec'y, Fla. Dep't of Corr., 767 F.3d 1252, 1260-61 (11th Cir. 2014); Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013).   In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."   Cullen, 563 U.S. at 181.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).   Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that presumption "with clear and convincing evidence."   Nejad v. Att'y Gen., State of Ga., 830 F.3d 1280, 1289 (11th Cir. 2016) (citing Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007)); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review.").   "The Supreme Court has not yet defined § 2254(d)(2)'s precise relationship to § 2254(e)(1).  .  .  .   Whatever that precise relationship may be, a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."

<u>Tharpe v. Warden</u>, 834 F.3d 1323, 1336 (11th Cir. 2016) (citing <u>Wood v. Allen</u>, 558 U.S. 290, 301 (2010)).

## III.    DISCUSSION

### A.    Petitioner Is Not Entitled to Federal Habeas Relief Based on His Claim in Ground One Because It Is a State Law Claim.

A federal habeas court may entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the United States Constitution, a treaty, or the laws of the United States. <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." <u>Id.</u> at 67-68; <u>Alston v. Dep't of Corr., Fla.</u>, 610 F.3d 1318, 1326 (11th Cir. 2010) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."). Thus, a federal court is not concerned with a state's interpretation of its own laws and rules unless the violations raise federal constitutional problems; such matters are of state concern. <u>McCullough v. Singletary</u>, 967 F.2d 530, 535-36 (11th Cir. 1992). Stated otherwise, a federal habeas court is not a "'super' state supreme court" available to grant relief every time it believes a state court erred. <u>Shaw v. Boney</u>, 695 F.2d 528, 530 (11th Cir. 1983) (quoting <u>Meyer v. Estelle</u>, 621 F.2d 769, 771 (5th Cir. 1980)[1]).

In Ground One, Petitioner contends the State of Georgia lacked subject matter jurisdiction over him because the statute under which he was convicted did not have an

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior

enacting clause as required by Georgia state law.  (Doc. no. 8, p. 6; doc. no. 8-1; doc. no. 8-2.)  Petitioner's claim does not involve interpretation of federal laws or a federal constitutional problem; it merely involves the interpretation and application of Georgia law. Indeed, the state habeas court found Petitioner's claim lacked merit as a matter of Georgia law.  (Doc. no. 15-8.)

Petitioner argues his claim in Ground One implicates the Fourteenth Amendment and is therefore cognizable in the present federal habeas case.  (See doc. no. 17, p. 2.)  However, Petitioner cites no authority for this assertion; indeed, in his amended petition, he indicated his claim is "a matter of state law."  (See doc. no. 8, p. 6.)  Moreover, the requirement of an enacting clause for a Georgia state statute is clearly a matter of Georgia state law.  See Joiner v. State, 155 S.E.2d 8, 10 (Ga. 1967) (holding act of Georgia General Assembly must contain enacting clause).  Thus, Petitioner has not stated a claim that is cognizable in a federal habeas proceeding in Ground One because it is a state law claim and cannot form the basis for federal habeas corpus relief.  See Estelle, 502 U.S. at 68-69 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Even if Petitioner's claim was cognizable, he still would not be entitled to relief.  The state habeas corpus court held the Computer or Electronic Pornography and Child Exploitation Act is a valid law in the State of Georgia despite lacking an enacting clause in its published text because (1) the Official Code of Georgia included an enacting clause when adopted by the Georgia General Assembly and (2) the Act itself as originally passed by the

to October 1, 1981.

Georgia General Assembly contained an enacting clause. (See doc. no. 15-8.) The state habeas court's decision falls squarely within Spencer v. State, 689 S.E.2d 823, 825 (Ga. Sup. Ct. 2010). There, the Court held a Georgia criminal statute need not contain an enacting clause on its face because "the Official Code of Georgia included an enacting clause when it was adopted by the legislature" and, as passed originally by the Georgia General Assembly, "the statute itself includes an enacting clause." Id.

Similarly, here, the Computer or Electronic Pornography and Child Exploitation Act is part of the Official Code of Georgia, and thus the enacting clause found in O.C.G.A. § 1-1-1 applies to it. See O.C.G.A. § 1-1-1 ("The statutory portion of the codification of Georgia laws prepared by the Code Revision Commission and the Michie Company pursuant to a contract entered into on June 19, 1978, is enacted and shall have the effect of statutes enacted by the General Assembly of Georgia."); Barnes v. Carter, 48 S.E. 387, 388 (Ga. Sup. Ct. 1904) ("[T]he legislative act adopting the present Code, and making the same of force as the Code of Georgia, enacted into one statute all the provisions embraced in that Code. Whatever is contained in the Code has the force and effect of a statute . . . ."). Furthermore, the Computer or Electronic Pornography and Child Exploitation Act, as passed and subsequently modified by the Georgia General Assembly, contained an enacting clause in its original text. See O.C.G.A. § 16-12-100.2, Laws 1999, p. 232, § 2 (enacting Computer or Electronic Pornography and Child Exploitation Act); see, e.g., O.C.G.A. § 16-12-100.2, Laws 2007, p. 283, § 2 (amending Computer or Electronic Pornography and Child

Exploitation Act).  Thus, the state habeas court was correct in concluding Petitioner's claim was meritless.

**B.     Petitioner Procedurally Defaulted the Claim in Ground Two That His Conviction Violated Double Jeopardy.**

**1.     A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies.**

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims that the petitioner did not raise in state court, but could have raised by any available procedure.  28 U.S.C. § 2254(b)(1)(A) & (c).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785

F.3d 449, 457 (11th Cir. 2015) (citation omitted).   Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available.  McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

A federal habeas petitioner can run afoul of procedural default rules in one of two ways, depending on whether the claim is an old one the petitioner already attempted to assert unsuccessfully in state court, or a new one the petitioner never attempted to raise in state court.   First, a federal habeas petitioner cannot revive an old claim that a state court previously denied on independent and adequate procedural grounds.   "As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are 'independent and adequate' to support the judgment."   Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012).

A state court decision rests on "independent and adequate" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim.   Second, the state court decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law.   Finally, the state procedural rule must be adequate; *i.e.,* it may not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for purposes of the procedural default doctrine.   In other words, a state procedural rule cannot bar federal habeas review of a claim unless the rule is "firmly established and regularly followed."

Id. at 1336 (internal quotations and citations omitted).  Additionally, the Supreme Court has

made clear that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default." Walker v. Martin, 562 U.S. 307, 311 (2011).

Second, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim in his federal petition that would be procedurally barred if he attempted to raise it in state court.  In such instances, unless the petitioner either establishes the cause and prejudice or the fundamental miscarriage of justice exception, the failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1138-39 (11th Cir. 2001).  Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1342 (11th Cir. 2009) (citing Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998)); Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999).  To determine whether a claim is procedurally barred in this way, the federal court must ask whether "it is clear from state law that any future attempts at exhaustion would be futile." See Bailey, 172 F.3d at 1305.

Simply put, if a claim has not been "fairly presented to the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).  To that end, absent a showing of either cause to excuse the default and actual prejudice or a fundamental miscarriage of justice, O.C.G.A. § 9-14-48(d) precludes state habeas review of any issue not preserved for collateral attack in a state court by timely objecting and raising

the issue on appeal.  See Devier v. Zant, 3 F.3d 1445, 1454-55 (11th Cir. 1993) (citing O.C.G.A. § 9-14-48(d) and upholding a finding of procedural default on numerous claims); see also Waldrip v. Head, 620 S.E.2d 829, 835 (Ga. 2005) ("Claims not raised on direct appeal are barred by procedural default, and in order to surmount the bar to a defaulted claim, one must meet the 'cause and prejudice' test."); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows:  a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus.").  In addition, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition.  O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

### 2.    Petitioner's Claim in Ground Two Is Procedurally Defaulted Under O.C.GA § 9-14-51.

In Ground Two, Petitioner argues the state corrective process is ineffective to protect his rights because double jeopardy had attached to his first indictment based on his filing a speedy trial demand and was violated when the state dismissed the original indictment and re-indicted him on different charges.  (Doc. no. 8, p. 6; doc. no. 11.)  Respondent argues this claim is procedurally defaulted because it would be barred as successive under O.C.G.A. § 9-14-51 if Petitioner were to attempt to raise it in a second state habeas petition.  (Doc. no. 14-1, p. 5.)

13

Petitioner did originally raise this issue during his state habeas proceedings. (See doc. no. 15-2.) However, at his state habeas evidentiary hearing, he expressly waived all grounds except for the claim that the Superior Court of Richmond County lacked subject matter jurisdiction, which he raised in Ground One of his present petition.

> MR. BREWER: I have a ground here that I want to present, just one ground. I'm dismissing all the other grounds except for one . . . . That's ground ten. . . .
>
> MS. BASS: You're waiving all of your grounds -- you're waiving all grounds except for ground ten, the Superior Court of Richmond County does not have subject matter jurisdiction over your case.
>
> MR. BREWER: Exactly . . . .
>
> THE COURT: All right. That's understood. Let the record show that that's the ground he's proceeding on.

(Doc. no. 15-10, pp. 10-11.)

Because Petitioner waived his claim in Ground Two in the original state habeas proceedings and would be procedurally barred if he attempted to raise it now again in state court, it is procedurally defaulted and provides no basis for federal habeas relief. See O.C.G.A. § 9-14-51; McNair, 416 F.3d at 1305; Smith, 256 F.3d at 1139; Chambers, 150 F.3d at 1327.

> ### 3.   Petitioner Has Not Alleged Cause to Justify Federal Review of His Defaulted Claim in Ground Two, and the Miscarriage of Justice Exception Does Not Apply.

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default." Jones, 436 F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)). "Cause for a procedural

default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 565 U.S. 266, 280 (2012) (internal quotation marks omitted).  "Once cause is proved, a petitioner also must prove prejudice.  He must show 'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).  For example, procedural default does not preclude federal habeas review when

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. 413, 423 (2013); Martinez v. Ryan, 566 U.S. 1, 12-18 (2012).

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice."  Jones, 436 F.3d at 1304 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).  The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime.  Murray, 477 U.S. at 496.  In McQuiggin v. Perkins, the Supreme Court held that this exception survived AEDPA's passage but "applies to a severely confined category:

cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." 569 U.S. 383, 394-95 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Petitioner does not submit any new evidence showing he is actually innocent of the crime of which he was convicted. Rather, Petitioner makes the legal argument that the re-indictment of his case violated double jeopardy. However, "only provid[ing] new interpretations of existing evidence [is] not . . . a sufficient showing of actual innocence to overcome the procedural default." Claritt v. Kemp, 336 F. App'x 869, 871 (11th Cir. 2009). Indeed, this is because "'actual innocence' means *factual* innocence, not mere legal insufficiency." McKay v. United States, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting Bousley v. United States, 523 U.S. 614, 623, (1998)); see also Sawyer v. Whitley, 505 U.S. 333, 339 (1992) ("the miscarriage of justice exception is concerned with actual as compared to legal innocence"). Consequently, because Petitioner presents no new evidence but only novel legal arguments, he has not shown a miscarriage of justice will occur if the Court does not consider this claim.

Moreover, Petitioner has presented no valid justification for failing to raise this claim in his state habeas proceedings, let alone something external to him that cannot be fairly attributed to him. Indeed, Plaintiff could have proceeded on this claim, but voluntarily and explicitly waived it. In addition, Petitioner can show neither prejudice resulting from the default nor that the claim is substantial, as he has offered no new information about his claims impacting the outcome of his case. Indeed, Petitioner's claim that double jeopardy

16

attached once the first indictment was dismissed is meritless because it was dismissed before a jury was impaneled or guilty plea accepted.  See United States v. McIntosh, 580 F.3d 1222, 1227 (11th Cir. 2009) (recognizing rule that jeopardy attaches when jury is empaneled and sworn, court begins to hear evidence in bench trial, or court unconditionally accepts guilty plea).  Therefore, Petitioner has failed to demonstrate the cause and prejudice necessary to overcome his procedural default of the claim in Ground Two.

Accordingly, this claim in the instant § 2254 petition has been defaulted and provides no basis for federal habeas relief.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 31st day of January, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

17